UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **CHRISTINE F. KELLER,** ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| vs. ] | CV 09-J-207-J |
| ] | |
| **MICHAEL J. ASTRUE,** ] | |
| **Commissioner of the Social** ] | |
| **Security Administration**, ] | |
| ] | |
| Defendant. | |

**MEMORANDUM OPINION**

This matter is before the court on the record and briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405.  The plaintiff is seeking reversal and remand of the final decision of the Commissioner.  All administrative remedies have been exhausted.

The plaintiff filed her current applications for Disability Insurance Benefits and Supplemental Security Income on February 9, 2006, asserting an inability to work due to problems with vertebrae, carpal tunnel syndrome, osteoarthritis in hands, tendinitis in arms, female problems, arthritis in neck and back, and back problems (R. 127).  At the time of the hearing, the plaintiff was 42 years old and had a two year college degree (R. 33, 40). The Administrative Law Judge (ALJ) found that the plaintiff suffered from the severe impairments of history of carpal tunnel release, fibromyalgia, obesity, disorders of the neck and back, osteoarthritis, and tendinitis of the elbows, and that none of these impairments, alone or in combination met any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (R. 13).

The plaintiff asserts that the ALJ erred in rejecting the treating physician's opinion. Plaintiff's memorandum (doc. 9), at 7. The plaintiff specifically asserts that the ALJ erred in not fully adopting the limitations set forth by Dr. Jeffery Long, D.O. (R. 479), because Dr. Long is the plaintiff's treating physician.

The extensive medical evidence of record demonstrates as follows:

Both a 2001 and a 2003 lumbar MRI were essentially normal (R. 164, 167). The plaintiff underwent a carpal tunnel release and cyst removal in April 2004 (R. 158-162). She was referred for physical therapy to increase strength in her right wrist (R. 262), but the record contains no evidence of whether she regularly attended the same. X-rays of her lumbar spine in December 2004 were normal (R. 220). A 2005 MRI was again normal (R. 181), but x-rays of the lumbar spine showed mild degenerative changes (R. 183).

In January 2006 the plaintiff went to a chiropractor three times, who noted the plaintiff felt relief after each adjustment (doc. 174-178). Also in January 2006, Dr. Wouters noted osteoarthritis bilaterally, a recurrent cyst at plaintiff's right wrist, and bilateral elbow epicondylitis (R. 180, 181).

Upon consultative physical examination, Dr. Boyde Harrison opined that the plaintiff suffered from minimal spondylolysis, mild osteoarthritis, and a cyst and diffuse pain in her arms (R. 186). He believed the plaintiff "would benefit from the opportunity to be employed and work in activities such as handling, lifting, carrying, walking, talking, traveling, etc." (R. 186).

In January 2006 Dr. Long diagnosed the plaintiff as suffering from tendinitis in her elbows and wrist pain from a cyst (R. 318). Dr. Long's medical records reflect the plaintiff was seen in July 2006 for neck, arm and back pain (R. 314-315). August 2006, September

2006 and January 2007 records of Dr. Long reflect diagnoses of fibromyalgia, osteoarthritis, and anxiety, and contain the notation "talk about referrals" (R. 308-312). The plaintiff was seen by Dr. Long in June and July 2007 for bilateral knee pain and left hand pain (R. 302-303). Dr. Long's medical records further reflect that he saw the plaintiff in January, February, April, and August 2007 when she was diagnosed with sinusitis, in October 2007 when she was diagnosed with neck pain (R. 300, 305-307), and in November 2007 when she was diagnosed with dehydration and excema (R. 299). A notation of "pain clinic in Jasper" appears on the October record, but no evidence the plaintiff ever went to the same is present (R. 300).

Records from Dr. Ali in 2006 and 2007 reflect diagnoses of discogenic syndrome/HNP lumbar; parasthesia numbness; cervicobrachial syndrome (diffuse), and arthralgia, multiple areas (R. 383, 394, 401-402). A nerve conduction study in September 2006 was normal (R. 400). Muscle strength was noted to be full and symmetric, and muscle tone was normal (R. 402). He noted neck spasm with paravertebral tenderness, multiple trigger points, and decreased range of motion (R. 383, 390, 396). He recommended epidural blocks, which the plaintiff received (R. 385-389, 391-393).

The plaintiff has also been seen by Dr. Matthew Berchuck (R. 436). He noted a lumbar myelogram in June 2006 was negative, but a cervical CAT scan at that time found a loss of disc height at C5-C6 and C6-C7 with bilateral C7 nerve root filling defects (R. 436). In August 2006, the plaintiff was also seen by Dr. Matthew D. Berke for spine and multiple joint pain (R. 430). He noted

> She said basically her whole body has pain and she swells a lot. It has been chronic and but just gotten worse over the last few years. Her primary care physician is Dr. Long. He did some blood work that was negative for

>   rheumatoid arthritis.  She was sent to a rheumatologist who told her there was some arthritis, as well as fibromyalgia, The arthritis was in her hands.  She saw Dr. Berchuck who did not find any surgical pathology.  A CT myelogram was performed.  Also, EMG/NCV studies were done.  The EMG was negative.  The cervical study showed mild uncinate spurring and mild disc osteophyte complex at the C5-C6 disc space.  C6-C7 had a right sided disc herniation with moderate narrowing of the right neuroforamen.  The CT of the lumbar spine was negative.  He certainly did not see any surgical indications.  Earlier, she did some chiropractic treatment.  She also has previously done some physical therapy....

(R. 430).  Dr. Berke opined the plaintiff should not pursue epidural blocks as they are not indicated for the lumbar spine and did not help her cervical spine pain, he gave her tennis elbow straps, continued anti-inflammatory medication, gave her topical Bio-Freeze, and suggested a water based exercise program (R. 431).

Dr. Long completed a physical capacities evaluation for the plaintiff on December 10, 2007 (R. 479).  He states that the plaintiff can lift less than five pounds regularly, sit for one to two hours total in an eight hour day, stand and walk combined for three hours in an eight hour day, can occasionally use her arms and legs for pushing and pulling, occasionally climb, bend, stoop, reach, and perform gross manipulation, can frequently perform fine manipulation, and should avoid motor vehicles, hazardous machinery and work around dust and fumes (R. 479). Dr. Long further opines that the plaintiff suffers from such fatigue/weakness that it would negatively affect her performance of daily activities or work and that physical activity would increase this fatigue/weakness to the extent that it would cause abandonment of tasks (R. 480).  He also noted that the plaintiff suffered from pain to an extent that it would be distracting from work and that physical activity would greatly increase this level of pain (R. 482).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401, 91 S. Ct. 1420, 28 L. Ed. 843 (1971); *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988). The Court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, this limited scope does not render affirmance automatic,

> for "despite [this] deferential standard for review of claims . . . [the] Court must scrutinize [the] record in its entirety to determine reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

*Lamb*, 847 F.2d at 701. Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 634 (11th Cir. 1984).

The plaintiff asserts that the ALJ erred in rejecting the opinion of the treating physician. Treating physicians' opinions are entitled to great weight absent good cause. *Phillips v. Barnhart*, 357 F.3d 1232, 1240-1241 (11th Cir.2003). Having considered the arguments of the plaintiff and the opinion of the ALJ, the court finds that the ALJ's decision to accord limited weight to the opinion of Dr. Long is not against the substantial evidence. Here, the ALJ set forth specific reasons he found the opinion of Dr. Long to be inconsistent with the medical records. "Where the ALJ articulated specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence," a reviewing court may not "disturb the ALJ's refusal to give the opinion controlling weight." *Carson v. Comm'r of Soc. Sec.*, 300 Fed.Appx. 741, 2008 WL

4962696 at *1 (11th Cir. Nov.21, 2008); citing *Moore v. Barnhart*, 405 F.3d 1208,1212 (11th Cir.2005).

The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision. Without reweighing the evidence, this court cannot reach a contrary result. Accordingly, the decision of the Commissioner must be affirmed.

Done, this 31st day of August, 2009.

                                          INGE PRYTZ JOHNSON
                                          U.S. DISTRICT JUDGE